IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAMERON KNOWLTON, individually and on behalf of all others similarly situated, | : : : : | CIVIL ACTION NO.: 2:22-cv-4045 |
| Plaintiffs, | : : : | JUDGE _____ |
| v. | : : | |
| U.S.A. SILO SERVICE, INC., | : : | COLLECTIVE AND CLASS ACTION COMPLAINT |
| Defendant. | : : | **JURY DEMANDED** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff, Cameron Knowlton ("Plaintiff Knowlton"), on behalf of himself and all current and former non-exempt employees (hereinafter "the Putative Class Members") who worked for U.S.A. Silo Service, Inc. ("Defendant") at any time within the period of three (3) years preceding the commencement of this action through the date of judgment, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to Sections 203, 207, and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b). Plaintiff and the Ohio Putative Class Members seek all available relief under the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et seq., ("the Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts") and O.R.C. § 2307.60.

Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the Ohio Putative Class Members bring their additional Ohio state-law claims under Fed. R. Civ. P. 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

-- 1 --

I. INTRODUCTION

1. Plaintiff and the Putative Class Members seek to recover unpaid overtime wages that Defendant owes to them and has failed to pay, in violation of 29 U.S.C. § 207 of the FLSA.

2. Accordingly, Plaintiff brings this action on behalf of himself and the Putative Class Members who worked for Defendant at any time within the period of three (3) years preceding the commencement of this action through the date of judgment, to recover unpaid overtime wages and related damages.

3. Plaintiff also prays that the Putative Class Members be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

4. Plaintiff also prays that the Collective Action is certified pursuant to Section 216(b) of the FLSA and the Ohio claims pursuant to Fed. R. Civ. P. 23.

II. JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

6. This Court has supplemental jurisdiction over Plaintiff's and the Putative Class Members' Ohio Acts claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiff's and the Putative Class Members' claims under the FLSA that they form part of the same controversy.

7. Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the unlawful conduct described herein occurred within Washington County, Ohio, and Defendant's principal place of business is within this district.

III. THE PARTIES

8. Plaintiff Knowlton is an adult resident of St. Mary's, WV residing at 612 Sycamore Circle, St. Mary's, West Virginia 26170 and was employed as a laborer by Defendant. Plaintiff Knowlton has given his written consent to bring this action to collect unpaid wages under the

FLSA and the Ohio Wage Acts. Plaintiff Knowlton's notice of consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit 1**.

9. The Putative Class Members are those current and former employees who were employed by Defendant as laborers to perform construction, restoration, or inspection services at any time within the period of three (3) years preceding the commencement of this action through the date of judgment and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

10. Defendant is a domestic for-profit corporation registered in the State of Ohio and is currently doing business at 2517 Waterford Rd, Marietta, OH 45750 (Washington County). Process may be served upon its registered agent, Kristopher O. Justice, at 424 Second Street, Marietta, Ohio 45750.

### IV. STATEMENT OF FACTS

11. Defendant employed laborers, including Plaintiff Knowlton and the Putative Class Members, who were responsible to perform construction, restoration, and inspection services for the benefit of Defendant.

12. As laborers, Plaintiff and the Putative Class Members were hourly, non-exempt employees of Defendant.

13. During all times material to this complaint, Defendant acted directly or indirectly, in the interest of an employer with respect to the Plaintiff and the Putative Class Members.

14. During all times material to this complaint, Defendant was an "employer" within the meaning of the FLSA and the Ohio Acts.

15. During all times material to this complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise

working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

16. During all times material to this complaint, Plaintiff and the Putative Class Members have been Defendant's employees pursuant the Ohio Constitution and the Ohio Acts and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

17. As a matter of economic reality, Defendant employed Plaintiff and the Putative Class Members at their facility located at 2417 Waterford Road, Marietta, Ohio (the "Facility").

18. During all times material to this complaint, Defendant operated the Facility.

19. On or around approximately April 1, 2021, Defendant hired Plaintiff Knowlton to work as a laborer through its primary facility at 2417 Waterford Road, Marietta, OH, 45750.

20. As laborers, Plaintiff and the Putative Class Members primary job duties were to construct, inspect, maintain, repair, and clean silos at various locations across the country.

21. Defendant employed Plaintiff and the Putative Class Members to work at varying times, according to the shift they were assigned, throughout the workday.

22. Plaintiff and the Putative Class Members traveled to perform their jobs across the country.

23. Plaintiff and the Putative Class Members used work provided vehicles to travel to their various job sites including but not limited to Virginia, North Carolina, Tennessee, Texas, Kansas, Montana, Michigan, Ohio, Illinois, Indiana, North Dakota, and Louisiana.

24. Before commencing travel to a particular job site, Plaintiff and the Putative Class Members would report to the Facility to load their work vehicles with the required tools and equipment specific to their jobs.

25. Plaintiff and the Putative Class Members were not paid for all hours worked at the Facility prior to traveling, including but not limited to the time it took them to load their vehicles before traveling.

26. Upon information and belief, once laborers began travelling, including Plaintiff and the Putative Class Members, they were permitted to travel up until 9:00 p.m.—i.e., across their regular workday hours—but in no instances were they permitted to drive over 10 hours in one day.

27. Depending upon the job location, laborers, including Plaintiff and the Putative Class Members, would often reach the 10-hour driving limit.

28. The driver of the work vehicle was paid an hourly "shop pay" rate, which is one dollar less than the driver's standard pay.

29. The driver was paid one hour of shop pay for every 70 miles, regardless of the actual hours it took them to travel 70 miles.

30. Aside from the driver, Defendant never paid any of the other laborers who traveled for their time spent traveling.

31. The laborers' travel time also cuts across their normal working hours during both regular working days and nonworking days.

32. In addition to time spent traveling, Plaintiff and the Putative Class Members consistently worked in excess of 40 hours each workweek.

33. Defendant did not consider time spent traveling as hours worked for purposes of determining Plaintiff and the Putative Class Members' overtime eligibility. Consequently, Defendant failed to pay proper wages, including overtimes wages to Plaintiff and the Putative Class Members.

34. Defendant knew that laborers were working overtime hours and hours for which they were not compensated at an overtime rate when they traveled to jobsites.

35. At all material times, Defendant willfully deprived laborers of proper wages, including overtime wages.

36. Defendant failed to incorporate this non-discretionary shift differential pay rate into the determination of Plaintiff's and the Putative Class Members' regular rate for purposes of calculating their overtime rate for all hours worked in excess of forty in a given workweek.

37. As a result of the failure to incorporate the non-discretionary shift differential pay rates into the determination of Plaintiff's and the Putative Class Members' regular rate for purposes of calculating their overtime rate for all hours worked in excess of forty in a given workweek, Plaintiff and the Putative Class Members were also deprived of duly earned overtime pay at the proper overtime rate.

38. Defendant would only pay Plaintiff and the Putative Class Members at one-and-one-half times their base hourly rate for all hours worked in excess of forty in a workweek, failing to incorporate the enhancing effects the non-discretionary shift differential pay rates have on Plaintiff's and the Putative Class Members' regular rate for purposes of calculating their overtime pay.

39. Upon information and belief, Defendant altered Plaintiff's and the Putative Class Members' time sheets to evade paying all hours worked.

40. When Plaintiff and Putative Class Members would self-enter their clock in and out times, Defendant would round Plaintiff's and the Putative Class Members' times down to the nearest hour, often in excess of seven (7) minutes.

41. Even when Plaintiff and the Putative Class Members would enter their own clock in and out times, they were never allowed to add driving to it.

42. As laborers, Plaintiff and the Putative Class Members were hourly, non-exempt employees of Defendant.

43. Defendant willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime wages with respect to the Plaintiff and the Putative Class Members in this action.

## V. CAUSES OF ACTION

### COLLECTIVE ACTION ALLEGING FLSA VIOLATIONS

#### A. FLSA COVERAGE

44. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

45. The FLSA Collective is defined as:

**All hourly Laborers who are or were employed by U.S.A. Silo Service, Inc. at any time within the period of three (3) years prior to [the conditional certification of this class] through the date of judgment ("FLSA Collective" or "FLSA Collective Members").**

46. Plaintiff reserves the right to amend and refine the definition of the class he seeks to represent based upon further investigation and discovery.

47. At all times hereinafter mentioned, Defendant is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

48. At all times hereinafter mentioned, Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that said enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

49. During the respective periods that Defendant employed Plaintiff and the FLSA Collective Members, these individuals have provided services for Defendant that involved interstate commerce for purposes of the FLSA.

50. In performing the operations hereinabove described Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

51. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are or were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

52. The proposed class of similarly situated employees, i.e., putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined above.

53. The precise size and identity of the proposed class should be ascertainable from Defendant's business records, tax records, and/or employee and personnel records.

54. Collective action treatment of Plaintiff's and the FLSA Collective Members' claims is appropriate because Plaintiff and the FLSA Collective Members have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of the statutory overtime wages.

55. Further, Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and the Putative FLSA Collective Members, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

56. Plaintiff and the FLSA Collective Members have been similarly affected by Defendant's pay violations in workweeks during the relevant time period, which amount to a single decision, policy, or plan to avoid paying all earned overtime wages.

57. Plaintiff is similarly situated to the FLSA Collective Members and will prosecute this action vigorously on their behalf.

58. Plaintiff intends to send notice to all the FLSA Collective Members pursuant to Section 216(b) of the FLSA. The names and addresses of the FLSA Collective Members are available from Defendant's records.

## CLASS ACTION ALLEGATIONS

59. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

60. Plaintiff brings his Ohio Acts claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of:

> **All hourly Laborers who are or were employed by U.S.A. Silo Service, Inc. at any time within the period of two (2) years preceding the commencement of this action through the date of judgment ("Ohio Acts Class" or "Ohio Acts Class Members").**

61. Class action treatment of Plaintiff's Ohio Acts claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure's 23 class action requisites are satisfied.

62. The Ohio Acts Class, upon information and belief, includes over 30 individuals, all of whom are readily ascertainable based on Defendant's standard payroll records and are so numerous that joinder of all class members is impracticable.

63. Plaintiff is a member of the Ohio Acts Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

64. Plaintiff and Plaintiff's counsel will fairly and adequately represent the class members and their interests.

65. Questions of law and fact are common to all class members, because, *inter alia*, this action concerns Defendant's companywide pay policies. The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

66. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
## FAIR LABOR STANDARDS ACT ("FLSA")
## FAILURE TO PAY WAGES, INCLUDING OVERTIME WAGES

67. Plaintiff, on behalf of himself and all similarly situated individuals, re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

68. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendant was and is the employer of the Plaintiff and FLSA Collective Members within the meaning of 29 U.S.C. § 203(d).

69. During the time period from approximately three (3) years preceding the commencement of this action to the present, Plaintiff and the FLSA Collective Members were employed by Defendant within the meaning of 29 U.S.C. § 203(e)(1).

70. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendant employed Plaintiff and the FLSA Collective Members within the meaning of 29 U.S.C. § 203(g).

71. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendant was an employer subject to the FLSA.

72. During all times material to this Complaint, Plaintiff and the FLSA Collective Members have not been exempt from receiving overtime benefits under the FLSA because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

73. The FLSA requires employers to compensate employees for their travel time. U.S. Department of Labor regulations require payment for travel time when employees are required to travel away from their home communities. See 29 C.F.R. § 785.39.

74. As employees of Defendant, Plaintiff and the FLSA Collective have not been lawfully compensated for all hours worked in a work week in excess of forty (40) hours.

75. Defendant violated the FLSA, 29 U.S.C. § 207, by failing to pay Plaintiff and the FLSA Collective Members at the appropriate overtime rate for all hours worked in excess of forty (40) per workweek.

76. Plaintiff and the FLSA Collective Members should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years preceding the commencement of this action through the date of judgment.

77. At all times material to this Complaint, Defendant employed Plaintiff and the FLSA Collective Members to work as laborers in furtherance of its business of providing construction, restoration, and inspection services through its primary facility at 2417 Waterford Road, Marietta, OH 45750.

78. At all times material to this Complaint, Defendant regularly employed Plaintiff and the FLSA Collective Members to work more than forty (40) hours in a workweek.

79. At all times material to this Complaint, Plaintiff and the FLSA Collective Members did not receive one and one-half times their regular rate for all hours they worked in excess of forty (40) hours in a workweek.

80. At all times material to this Complaint, Defendant violated the FLSA by repeatedly failing to pay Plaintiff and the FLSA Collective Members the legally mandated overtime premium rate at no less than one and one-half Plaintiff's and the FLSA Collective Members' regular pay rate for all hours worked in excess of forty (40) in a workweek.

81. Defendant knew or showed reckless disregard for the fact that it failed to compensate Plaintiff and the FLSA Collective proper overtime wages.

82. Defendant willfully violated and continues to willfully violate the FLSA, by having engaged and continuing to engage in conduct, which demonstrates a willful and/or reckless disregard for the provisions of the FLSA.

## COUNT II
## OHIO WAGE ACT
## FAILURE TO PAY OVERTIME WAGES

83. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

84. The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq*.; *see also* 29 U.S.C. § 206(b).

85. The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

86. At all times relevant to this Complaint, Defendant was an "employer" covered by the Ohio Wage Act and has been thus required to comply with its mandates.

87. At all times relevant to this Complaint, Plaintiff and the Ohio Acts Class Members were covered "employees" of Defendant pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

88. At all times relevant to this Complaint, Defendant violated the Ohio Wage Act by repeatedly failing to compensate Plaintiff and the Ohio Acts Class Members for all hours worked at the appropriate pay rate, including Defendant's repeated action of refusing to compensate Plaintiff and the Ohio Acts Class Members for all hours worked over forty (40) hours in a workweek at a rate not less than one and one-half times their regular rate.

89. Indeed, at all times relevant to this Complaint, Plaintiff and the Ohio Acts Class Members did not receive one and one-half times their regular rate for all hours they worked in excess of forty (40) in a workweek.

90. At all times relevant to this Complaint, Defendant violated the Ohio Wage Act by repeatedly failing to pay Plaintiff and the Ohio Acts Class Members the legally mandated overtime premium at a rate no less than one and one-half Plaintiff's and the Ohio Acts Class Members' regular pay rate for all hours worked in excess of forty (40) in one workweek.

91. Plaintiff and the Putative Class Members are not exempt from the wage protections of Ohio Law. During relevant times, Plaintiff and the Putative Class Members were not exempt from receiving overtime because they were not "executive," "administrative," "professional," "outside sales," or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* 29 C.F.R. §§ 541.0 *et seq*.

92. In violating the Ohio Wage Act, Defendant's acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

93. Plaintiff and the Ohio Acts Class Members are entitled to unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of O.R.C. § 4111.03, by which the Plaintiff and the Putative Class Members have suffered and continue to suffer damages.

## COUNT III
## OHIO PROMPT PAY ACT
## FAILURE TO PROMPTLY PAY WAGES

94. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

95. At all times relevant to this Complaint, Defendant was Plaintiff's and the Ohio Acts Class Members' "employer" and was required to comply with the Ohio Prompt Pay Act's provisions. *See* O.R.C. § 4113.15.

96. The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

97. At all times material to this Complaint, Defendant has refused to pay Plaintiff and the Ohio Acts Class Members all owed overtime wages at one and one-half (1 ½) times their regular rate of pay within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

98. Plaintiff and the Ohio Acts Class Members' wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

99. Defendant's violations of the OPPA have been of a willful, intentional, or bad faith nature or have otherwise exhibited a reckless disregard of the OPPA's provisions.

## COUNT VI
## CIVIL PENALTIES FOR CRIMINAL ACTS
## O.R.C. § 2307.60

100. Plaintiff re-alleges, and incorporate by reference, the allegations set forth in the preceding paragraphs.

101. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

102. By its acts and omissions described herein, Defendant has willfully violated the FLSA, and Plaintiff and the FLSA Collective members have been injured as a result.

103. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

104. As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter the following relief:

A. For an Order certifying the FLSA Collective as defined above and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B. For an Order certifying the Ohio Class, under Fed. R. Civ. P. 23, as defined in above and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative class action members;

C. Designating Plaintiff as representative for the Class and designating Plaintiff's counsel as counsel for the Class;

D. Issuing proper notice to the Class at Defendant's expense;

E. Expectation and damages for all missed payments taken from or applied to Plaintiff's and the Putative Class Members' pay;

F. An order awarding Plaintiff, the FLSA Collective Members and the Ohio Acts Class back pay equal to the amount of all unpaid overtime pay for three (3) years preceding the filing of this complaint to the present, plus an additional equal amount in liquidated damages;

G. Pursuant to O.R.C. § 4111.14(J), an order awarding an amount set by the court sufficient to compensate Plaintiff and the Ohio Class Members and deter future violations by

Defendant of the Ohio Wage Act, but not less than one hundred fifty dollars for each day that the violation continued;

  H. Awarding Plaintiff and the Ohio Class Members the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the Ohio Prompt Pay Act, § 4113.15(A);

  I. Pursuant to O.R.C. § 4111.14(J), an Order awarding an amount set by the Court sufficient to compensate Named Plaintiffs and the Ohio Acts Class members and deter future violations by the Defendant of the Ohio Wage Act, but not less than one hundred fifty dollars for each day that the violation continued;

  J. Compensatory and punitive damages under O.R.C. § 2307.60.

  K. Pre-judgment and post-judgment interest;

  L. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees; and,

  M. Any other relief to which the Plaintiff, the FLSA Collective Members, and the Ohio Class Members may be entitled.

Dated: November 16, 2022

              Respectfully submitted,

              **BARKAN MEIZLISH DEROSE COX, LLP**

              */s/ Robert E. DeRose*
              Robert E. DeRose (OH Bar No. 0055214)
              4200 Regent Street, Suite 210
              Columbus, Ohio 43219
              Phone: (614) 221-4221
              Facsimile: (614) 744-2300
              bderose@barkanmeizlish.com

              **BRIAN G. MILLER CO., L.P.A.**

              */s/ Adam L. Slone*
              Adam L. Slone (OH Bar No. 0093440)
              250 W. Old Wilson Bridge Rd., Suite 270

Worthington, OH 43085
Phone: (614) 221-4035
Facsimile: (614) 987-7841
als@bgmillerlaw.com

*Trial Attorneys for Plaintiff and Putative Class Members*

## JURY DEMAND

Plaintiff requests a trial by jury on all of his claims.

*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)